# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **DEMAUREA JONES** | **CASE NO. 2:22-CV-01283** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ACE AMERICAN INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court are cross-motions for summary judgment [docs. 14, 16] filed, respectively, by defendant ACE American Insurance Company ("ACE American") and plaintiff DeMaurea Jones. The motions relate to plaintiff's status under the insurance policies at issue as well as his bad faith claims, and are both opposed. Docs. 16, 20.

## I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on July 29, 2021, on Highway 171 in Calcasieu Parish, Louisiana. At that time, plaintiff alleges, he was driving a vehicle owned by New Bern Transport Corporation ("New Bern") when he was rear-ended while stopped at a red light. *Id.* The driver of the other vehicle was insured at that time under a liability policy issued by Allstate Property and Casualty Insurance Company, with per-person bodily injury limit of $15,000, and Allstate tendered this limit to plaintiff. *Id.* Plaintiff alleges that this was insufficient to cover his damages. Accordingly, he sought underinsured motorist coverage under Policy No. ISAH25311515 issued by ACE American to New Bern. When ACE American failed to respond to his claim, submitted in

December 2021, and follow-up communications in January and February 2022, he filed suit against the company in the 14th Judicial District Court, Calcasieu Parish, Louisiana, raising claims of breach of contract and bad faith under Louisiana law. Doc. 1, att. 2.

ACE American timely removed the matter to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Plaintiff then filed an amended complaint, stating in relevant part:

> Though Plaintiff's lawsuit of March 15, 2022 included claims for UM and Med Pay benefits as well as penalties, attorney fees and costs for Defendant's failure to communicate, on May 20, 2022 Defendant's attorneys provided copies of sections of policy number ISA H25311515 that indicated UM and Med Pay coverage was not provided therein. Accordingly, Plaintiff's remaining claims are related to Defendant's violation of the duties of good faith and fair dealing that it owed to its insured. In addition, at the time of the crash, Defendant's policy number ISA H08588661 insured New Bern Transit Corporation and as it may provide coverage for Plaintiff, a copy of said policy has been requested from Defendant's counsel of record.

Doc. 10, ¶ 34.

ACE American now moves for summary judgment, showing that neither policy provides UM benefits to plaintiff[1] and arguing that his claims for bad faith must also be dismissed. Doc. 14. Plaintiff opposes the motion and files a cross-motion for summary judgment, maintaining that he can still bring claims for bad faith even though he admits ACE American did not owe him UM coverage.

---

[1] Policy No. ISA H08588661 was only in effect from February 26, 2010, to January 1, 2011. *See* doc. 14, att. 18, p. 1. The accident occurred outside the policy period and so plaintiff does not contest that any UM coverage under that policy would not apply to him.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Jones has admitted that no UM coverage is provided under the ACE American policy that was in effect with New Bern at the time of the accident. Accordingly, he has no valid claim for breach of contract. He maintains, however, that he was still an "insured" under that policy because he was driving an insured vehicle. Accordingly, he asserts that he can bring a stand-alone claim for bad faith under Louisiana law based on ACE American's failure to communicate with him after he submitted proof of loss.

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause." Regardless of whether a person qualifies as an insured, penalties under both statutes are predicated upon a showing that coverage is owed and has arbitrarily and capriciously been withheld. In other words, "the question of bad faith is pretermitted by this Court's determination that there is no coverage under the policies." *Little v. USAA Cas. Ins. Co.*, 655 F.Supp.2d 625, 635 (W.D. La. 2009); *accord XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, 57

F.Supp.3d 728, 763 (E.D. La. 2014). Plaintiff's claims are entirely without merit and his suit must be dismissed.

## IV.
### CONCLUSION

For the reasons stated above, ACE American's Motion for Summary Judgment [doc. 14] will be **GRANTED** and plaintiff's Motion for Summary Judgment [doc. 16] will be **DENIED**. Accordingly, all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 10th day of March, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**